DORADO HANDCRAFT, INC., Appellant, *v.* THE REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. O-69-195.      Decided April 15, 1970.

*Brown, Newsom & Córdova* and *Juan F. Esteves* for appellant. The Registrar appeared by brief.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Dorado Handcraft, Inc., was a corporation organized under the laws of the Commonwealth of Puerto Rico and was the owner, among other properties, of a real property located at ward Higuillar of the municipality of Dorado, Puerto Rico.

On December 2, 1966, Gustav Cohn, President of said corporation, signed before a notary a Certificate of Dissolution with the Consent of All the Stockholders of the said corporation as authorized by the provisions of § 1003, paragraph (d), of the General Corporation Law.

Subsequently, on December 22, 1966, and by deed No. 116 executed before notary Juan F. Esteves, Dorado Handcraft, Inc., represented by its special agent, Attorney Enrique Córdova Díaz, conveyed to Gustav Cohn the aforementioned real property in compliance with a liquidation plan of the corporation. Cohn was the only stockholder of the corporation and he paid the selling price with the corporation's common stock.

By deed No. 62 executed before notary Juan F. Esteves on June 4, 1969, the Cohn spouses, represented by their attorney in fact, Enrique Córdova Díaz, sold the above-mentioned real property to the corporation C. A. Inversiones Metropolitanas, Inc.

Said deeds having been presented before the Registry of Property of Bayamón, the Registrar suspended the recording, as to the first of said deeds, through the following notes:

"The presentation of this instrument has been suspended because the dissolution of the appearing Corporation has not been established with proper document as required in the notice of July 7, 1969; by virtue of the provisions of Art. 19 of the Puerto Rico Mortgage Law."

.        .        .        .        .        .        .        .

"The foregoing Note is clarified in order to state that the required document to which said note refers is the certificate issued by the Department of State acknowledging the dissolution of the appearing Corporation."

According to the Registrar's note the recording of the second deed was suspended because the recording of the first deed was suspended.

Corporations may dissolve or may be dissolved in the

manner prescribed by the Corporation Law. (Section 1202.)

The General Corporation Law provides in § 1003 (14 L.P.R.A. § 2003) several procedures for the dissolution of a corporation. Subsection (d) of said section provides:

"(d) Whenever all the stockholders, having voting power, shall consent in writing, either in person or by duly authorized attorney to a dissolution, no meeting of directors or stockholders shall be necessary, but on filing the consent in the office of the Department of State, it shall, as provided in subsection (c) of this section, issue a certificate of dissolution, which shall be published as provided in said subsection."

The mentioned subsection (c) provides that when the dissolution of the corporation takes place through the votes of the stockholders in a meeting, if it shall appear by the certificate of the judges that the holders of two-thirds (2/3) of the stock of the corporation having voting power have voted in favor of the dissolution, a certificate certifying that the dissolution has been authorized in accordance with the provisions of § 2003 shall be made. Once said certificate has been duly authenticated by the president or the vice-president, it shall be filed in the office of the Secretary of the Department of State, and if the Department is satisfied that the requirements of said section have been complied with, it shall issue its certificate that the certificate has been filed, and the Department shall cause its certificate to be published in one issue in a newspaper of general circulation published in this Commonwealth. ". . . and upon the filing in the office of the said Department of an affidavit of the manager or publisher of the newspaper that the certificate has been published one time in the newspaper, the corporation shall be dissolved."

All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless continue for the term of three (3) years from such expiration or dissolution as bodies corporate, for the purpose, among others, of settling and closing their businesses, disposing of

and conveying their property, and dividing their capital stock.

The board of directors of a corporation has the power to sell all its property when and as authorized by the affirmative vote of the holders of a majority of the stock issued and outstanding, having voting power given at a stockholders' meeting duly called for that purpose, or when authorized by the written consent of the holders of a majority of the voting stock issued and outstanding except when the certificate of incorporation requires a larger proportion of the holders of said stock. Section 1001, 14 L.P.R.A. § 2001.

■■ A corporation is empowered to sell its property before or after its dissolution or during the process of dissolution. Since the law does not prevent the corporation from selling its property during the process of dissolution, the document required by the Registrar in this case is not necessary for the recording of the sale performed by the corporation.

■ Section 1005 of the Corporation Law (14 L.P.R.A. § 2005) invoked by the Registrar, providing that no certificate of dissolution shall be issued under the provisions of §§ 2003 or 2004 until all taxes, penalties or fees due to or assessable by this Commonwealth have been paid by the corporation and the Department of Finance shall have so certified, is not a ground sufficient at law to suspend the recording of the sale performed by the corporation. Said section does not contain any regulation whatsoever for the Registrar to suspend or refuse the recording of a sale performed by the corporation in the process of dissolution. When the prohibition has been desired, it has been thus expressly stated in the case of the partition, distribution or delivery, conveyance, etc., of a decedent's estate. 13 L.P.R.A. § 901.

The note appealed from should be reversed, and the recording requested, ordered.

Mr. Chief Justice Negrón Fernández did not participate herein.